# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>  Petitioner,<br><br>  v.<br><br>THE SUPERIOR COURT OF FRESNO, et al.,<br><br>  Respondents. | Case No. 1:15-cv-01119-SKO  HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITH LEAVE TO AMEND<br><br>(Doc. 1) |

## SCREENING ORDER

Petitioner, a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,[1] alleges various violations of the California Penal Code § 134; negligence; premises liability; "intentional tort"; breach of contract; obstruction of justice; libel; slander; extortion; RICO violations; violations of his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution; and many other vaguely specified claims against 13 Respondents: the Superior Court of Fresno, Court of Appeal Fifth Appellate District, Brian Roberts, Edward Martinez, Robert Doyle, Guillermo Viera, Gilbert Roble, Janic Eng, Ken Allen, Author Anderson, John Peck, Reginald Vogel, and Doudlas Treisman.  The petition seeks, in part, review of various decisions of California state trial and appellate courts.

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

The 105-page petition sets forth a multitude of claims.  The Court does not attempt to address every claim in this initial screening order.  Instead, the Court will set forth several major deficiencies of the habeas petition to assist Petitioner in preparing an amended petition that conforms to federal habeas law.  If Petitioner elects to amend his petition, he should set forth each ground for relief individually, explaining the ground completely, but in clear and simple language.

## I. Preliminary Screening

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Procedural and Factual Background

The petition assumes that this Court is either familiar with the factual and procedural background of Petitioner's case or will discern it from the assortment of documents appended to the Petition.  The Court is not familiar with the case and declines to attempt to piece together the case's background from the attached materials.  If Petitioner elects to amend his petition, as this order permits him to do, he must set forth the factual and procedural history in a brief, clear, and simple manner, using the form of petition for habeas corpus pursuant to 28 U.S.C. § 2254, which the Clerk of Court will forward to him with his copy of this order.

## III. Standard of Review

Habeas corpus is neither a substitute for a direct appeal nor a device for federal review of the merits of a guilty verdict rendered in state court.  *Jackson v. Virginia*, 443 U.S. 307, 332 n. 5 (1979)

///

(Stevens, J., concurring).  Habeas corpus relief is intended to address only "extreme malfunctions" in state criminal justice proceedings.  *Id.*

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Court must apply its provisions.  *Lindh v. Murphy*, 521 U.S. 320, 327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *overruled on other grounds by Gonzalez v. Arizona*, 677 F.3d 383 (9th Cir. 2012).  Under AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Lockyer v. Andrade*, 538 U.S. 63, 70-71 (2003); *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

"By its terms, § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions set forth in §§ 2254(d)(1) and (d)(2)."  *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

As a threshold matter, a federal court must first determine what constitutes "clearly established Federal law, as determined by the Supreme Court of the United States."  *Lockyer*, 538 U.S. at 71.  To do so, the Court must look to the holdings, as opposed to the dicta, of the Supreme Court's decisions at the time of the relevant state-court decision.  *Id.*  The court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law."  *Id.* at 72.  The state court need not have cited clearly established Supreme Court precedent; it is sufficient that neither the reasoning nor the result of the state court contradicts it.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  The federal court must apply the presumption that state courts know and follow the law.  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).  The petitioner has the burden of establishing that the decision of the state court is contrary to, or involved

an unreasonable application of, United States Supreme Court precedent. *Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996).

The AEDPA standard is difficult to satisfy since even a strong case for relief does not demonstrate that the state court's determination was unreasonable. *Harrington*, 562 U.S. at 102. "A federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, 538 U.S. at 75-76. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Put another way, a federal court may grant habeas relief only when the state court's application of Supreme Court precedent was objectively unreasonable and no fair-minded jurist could disagree that the state court's decision conflicted with Supreme Court's precedent. *Williams*, 529 U.S. at 411.

### IV. Appropriate Respondent

Petitioner names thirteen Respondents. He does not identify the eleven individual respondents. Naming multiple respondents is inappropriate in a federal habeas action. A petitioner who is seeking habeas corpus relief under 28 U.S.C. § 2254 must name as the respondent only the state officer having custody of him as the respondent to the petition. Habeas Rule 2(a); *Ortiz-Sandoval v. Gomez,* 81 F.3d 891, 894 (9th Cir. 1996); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner and thus can produce the petitioner. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992). The chief officer in charge of state penal institutions, such as the Secretary of the CDCR, is also appropriate, however. *Ortiz-Sandoval*, 81 F.3d at 894; *Stanley*, 21 F.3d at 360.

### V.     California State Law Claims

Federal habeas relief is available to state prisoners only to correct violations of the United States Constitutions, federal laws, or treaties of the United States.  28 U.S.C. § 2254(a).  "[F]ederal habeas corpus relief does not lie for errors of state law."  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).  Re-examining state-court determinations of state-law questions is not the business of federal courts. *Wilson*, 562 U.S. at 5.  In reviewing a federal habeas petition, a federal district court accepts a state court's interpretation of that state's law.  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996). Accordingly, the amended habeas petition must set forth only those claims alleging violation of Petitioner's constitutional rights.  Although the complexity of the petition precludes identification of every state claim that Petitioner has alleged, examples of state-law claims include violations of state statutes and regulations, including claims of violations of the California Penal Code, extortion, and obstruction of justice; tort claims such as negligence, premises liability, "intentional tort," libel, and slander; and breach of contract claims.

### VI.    Section 1983 Complaint or Habeas Corpus Petition?

Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991).  A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution.  28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973).  A plaintiff may not seek both types of relief in a single action.  *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*.

Many of Petitioner's claims appear to relate to the conditions of his confinement. Such claims may not be made in a petition for writ of habeas corpus. Petitioner may elect to pursue conditions-of-confinement claims in a separately filed action pursuant to 42 U.S.C. § 1983. The Clerk of Court will provide Petitioner with a copy of the form that he may use to prepare a § 1983 complaint. Because a claim concerning conditions of confinement must be filed in the venue in which the prison is located, if Petitioner, who is present confined in the California Medical Facility in Vacaville (Solano County), elects to pursue those claims in a separate § 1983 action, he must file that complaint in the Sacramento Division of the Eastern District of California.

## VII.    Exhaustion of State Remedies

It is not clear from the petition whether Petitioner has exhausted all of the claims set forth. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th

Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998). If any of grounds for collateral relief set forth in a petition for habeas corpus are unexhausted, the Court must dismiss the petition. 28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

## VIII. Conclusion and Order

The Court hereby ORDERS:

1. The petition for writ of habeas corpus shall be dismissed with leave to amend.

2. The Clerk's Office shall send Petitioner a copy of this order, a form for a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, and a form for a prisoner complaint pursuant to 42 U.S.C. § 1983.

3. Within thirty (30) days of service of this order, Petitioner may file an amended petition. Petitioner shall name as respondent the warden of the institution in which he is incarcerated. Petitioner shall fully complete the form for the amended petition, including all claims and the facts supporting each claim. Petitioner shall sign the amended petition under penalty of perjury.

4. If Plaintiff fails to file an amended petition within thirty (30) days from the date of service of this order, this action will be dismissed without further notice for lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **September 8, 2015**                **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

7