# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH THOMAS,<br><br>               Petitioner,<br><br>       v.<br><br>THE SUPERIOR COURT OF FRESNO, et al.,<br><br>               Respondents. | Case No. 1:15-cv-01119-SKO  HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION TO EXTEND TIME TO FILE § 1983 COMPLAINT<br><br>(Doc. 10) |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] On September 8, 2015, the Court performed its preliminary screening of the petition and dismissed it with leave to amend, noting that many of the claims would be more properly brought in a civil rights action pursuant to 42 U.S.C. § 1983.  After Petitioner filed objections and requested an extension of time on September 25, 2015, the Court granted the extension of time and attempted to clarify appropriate amendments that would render the petition cognizable.  On October 27, 2015, Petitioner notified the Court of his intent to file a § 1983 complaint and not to pursue a habeas petition.  Accordingly, the Court will dismiss the petition for habeas corpus.

///

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

Petitioner also moves for an extension of time in which to file his § 1983 complaint. Because the § 1983 complaint must be filed as a new action, the Court cannot enter an order extending the time for filing it in this case. As stated in the Court's September 29, 2015, order, however: "Petitioner delays filing a § 1983 action at his own risk since any claims to be set forth in that action continue to be governed by applicable statutes of limitation and are not tolled by the order permitting amendment of the habeas petition." Doc. 9.

Petitioner is also reminded that the venue (place to file) for a § 1983 action is different from that of a habeas petition. Because a claim concerning conditions of confinement must be filed in the venue in which the prison is located, if Petitioner, who is presently confined in the California Medical Facility in Vacaville (Solano County), elects to pursue those claims in a § 1983 action, he must file that complaint in the Sacramento Division of the Eastern District of California.

The motion for extension of time in which to file an action pursuant to 42 U.S.C. § 1983 is hereby DENIED. The petition for writ of habeas corpus is hereby DISMISSED. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated:   **October 29, 2015**                              **/s/ Sheila K. Oberto**
                                                           UNITED STATES MAGISTRATE JUDGE